ALEXANDER COUNTY NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ALEXANDER COUNTY SAVINGS BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 12075, 12616.   Promulgated July 9, 1928.

*David S. Lansden, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

1240

## OPINION.

Siefkin: This proceeding is an example of the phrase "throwing good money after bad." The banks had become substantial creditors of the Samuel White Dry Goods Co. and were instrumental in organizing the Patier Dry Goods Co. to solve the financial difficulties of the first company. The management of the Patier Company was inefficient, if not dishonest, and the banks became more heavily involved than before. In 1920 five men, directors of the banks, thought they saw a chance to salvage a part of the indebtedness to the banks and perhaps make some money individually by taking over the management of the Dry Goods Company by each putting in $2,000 for the stock of the Dry Goods Company on condition that the banks together reduce the notes of the Dry Goods Company by $14,500. This was done and, the new management being inefficient though honest, the banks lost most of the remaining indebtedness due from the Dry Goods Company and each of the five men lost $2,000.

When the petitioners canceled and surrendered the notes in 1920, the possibility of recovery of those amounts was gone forever. The petitioners were not stockholders of the Dry Goods Company but were creditors only, and in a reduced amount. It is easy to conceive the impulses which moved the petitioners to consent to the cancellation of the notes. It was hoped that with this management of the Dry Goods Company and by taking a present loss, the remainder of the indebtedness might be paid in full. That the hopes were not realized only shows the fallibility of human judgment. The fact that the amounts were charged off the books as losses but claimed

on the returns as bad debts, does not prevent their allowance in this proceeding as losses, since the allegations of the petitioners are sufficiently broad. We conclude that the amounts of $8,500 and $6,000 should be allowed as deductions from gross income for the year 1920 to the Savings Bank, and the National Bank, respectively. In all other respects, the deficiencies asserted not being put in issue by the pleadings, the determination of the respondent is approved.

*Judgment will be entered under Rule 50.*